**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 04 -03204 |
| | ) | |
| STATEWIDE HOLDING CORP. | ) | Chapter 7 |
| | ) | |
| Debtors | ) | Hon. A. Benjamin Goldgar |

### APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE

Law Offices of Ilene F. Goldstein, Chartered ("IFG Chtd."), attorneys for Ilene F. Goldstein, Trustee, pursuant to § 331 of the United States Bankruptcy Code, request the entry of an Order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period July 1, 2005 to June 17, 2010. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $21,129.00 for 85.90 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $992.25 for reimbursement of expenses incurred in connection with its legal services.

IFG Chtd. has previously filed two interim fee petitions. The First Interim Fee Petition was for the period of January 28, 2004 through August 6, 2004 at which time the Court allowed an interim award of $16,800.00 for professional services rendered to the Trustee and $125.40 for expenses. That order was entered on August 27, 2004. The Second Interim Fee Petition was for the period of August 6, 2004 through June 30, 2005, at which time the Court allowed an interim award of $14,556.00 for professional services rendered to the Trustee and $162.40 for expenses. That order

was entered on July 29, 2005.

IFG Chtd. has not sought compensation in this matter for almost five years. The instant final fee application covers this time period.

In support of its application, IFG Chtd. respectfully states as follows:

## BACKGROUND

1. On January 28, 2004, a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed by the Debtor.

2. Ms. Goldstein is the duly appointed, qualified and acting Trustee in this Chapter 7 case.

3. Through her administration and liquidation of the Estate, Trustee has generated close to $275,000.00 in gross receipts of which $237,515.90 are available to the Estate. Counsel for the Trustee pursued a multitude of potential assets both scheduled and non-scheduled. The Trustee also researched legal issues that several creditors raised with the Trustee. The Trustee has recovered the value of many assets for the Estate. Other than attorney and accountant fees, there are no accrued unpaid administrative expenses.

## INTRODUCTION

4. Counsel for the Trustee assisted in the recovery by legal proceedings and negotiations as to legal entitlement to the assets, securing for the Estate close to $275,000.00. In addition counsel for the Trustee analyzed claims for creditors of the Debtor's corporation.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5. On March 26, 2004 this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee effective January 28, 2004.  A true and correct copy of the orders authorizing employment is available on the Court docket.

6. IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## **ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY**

7. Pursuant to §§ 330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable.  All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein.  In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved. IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed.  However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by <u>In re</u>

Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

      From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).  In those instances in which more than one task is contained within a time entry description, IFG Chtd. has specified within the time entry description the amount of time attributable to each individual task.

      8.    Itemized and detailed descriptions of the specific legal services rendered to Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing statements attached hereto as Exhibit B.  The billing statements set forth the initials of each attorney and the amount of time spent rendering each service, the day on which such service was rendered and a description of the nature of the services rendered.  Also attached as part of Exhibit B is a summary of the fees and costs expended in each category of activity.

**ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY**

      9. IFG Chtd. incurred expenses in the amount of $992.25 in connection with its representation of the Trustee during the period of July 1, 2005 to June 17, 2010 for which it now requests reimbursement.  IFG Chtd. maintained a system for recording expenses in a manner which complies with the requirements of In re Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. continued to undertake extraordinary efforts to attempt to manually input descriptions for document reproduction projects, messenger deliveries, overnight delivery services and facsimile transmittals in order to provide the greatest amount of detail for individual expense entries.  An itemized breakdown of each of these expenses is included in the billing

statements attached as Exhibit B.  IFG Chtd. does not seek reimbursement for expenditures it has incurred in this case which constitute overhead, such as ordinary postage charges and secretarial charges.  <u>In re Adventist Living Centers, Inc.,</u> 137 BR 701.  IFG Chtd. is seeking reimbursement primarily for expenses incurred for, among other things, document binding and reproduction charges, messenger charges and delivery charges that were incurred in the service of pleadings and mailing of notices to creditors and parties in interest.  For documents, pleadings or correspondence which were delivered by messenger, telecopier or Federal Express as opposed to delivery by first class mail, such expedited delivery was deemed absolutely necessary in the exercise of discretion by the responsible attorney in order to meet court deadlines or otherwise insure the efficient and orderly administration of services to the Trustee.

Notwithstanding the fact that a limited number of the expenses included in IFG Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid expenses were actually incurred by IFG Chtd. and were necessary for the proper representation of the Trustee in this case.  All the expenses incurred are specifically allocated to this case and do not represent general overhead or other expenses unrelated to this case.

## **NATURE OF SERVICES PERFORMED BY IFG CHTD.**

**ESOP Matters**

10. Counsel for the Trustee dealt with the Department of Labor on claims that might be had against retirement accounts as well as other labor related claims. Counsel for the Trustee secured and ad delivered to their offices some of the Debtors'

books and records.  Counsel for the Trustee began the arduous task of reviewing and where appropriate indexing Documents for the Trustee's administration of the Estate and responsive to the Department of Labor's request.

In connection with the above services, IFG Chtd. expended 16.8 hours, for which it seeks compensation in the amount of $4,032.00 for fees.  Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 16.8 hours | $240.00 | $4,032.00 |
| TOTAL | 16.8 hours |  | $4,032.00 |

**Routine and Miscellaneous Legal Matters /Liquidation/Recovery Assets**

11.  Counsel for the Trustee maintained the file, obtained necessary pleadings and dockets, attended to matters dealing with the resolution of tax issues and obtaining Section 505(b) relief.  In addition Counsel for the Trustee dealt with the closing of the Estate, the preparation of the necessary final pleadings and the destruction of books and records of the Debtor.

In connection with these services, IFG Chtd. expended 23.90 hours, for which it seeks $6,234.00 in fees and reimbursement of expenses of $713.59.  Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 5.70 hours | $240.00 | $1,368.00 |
| IFG | 3.60 hours | $275.00 | $ 990.00 |
| IFG | 12.50 hours | $300.00 | $3,750.00 |
| LP | 2.10 hours | $ 60.00 | $ 126.00 |

      TOTAL             23.90                                         $6,234.00

**Analysis of Claims**

12.  Counsel for the Trustee responded to an attorney representing a creditor who sought to have a lay claim over the amount of $150,000.00 allowed. Counsel for the Trustee responded to a document production request as well as legal proceedings filed in Court. In addition Counsel for the Trustee retained Special Counsel to do claims objections however appeared in Court to keep the costs down on the hearings. Finally, Counsel for the Trustee realized that Special Counsel inadvertently did not review the claims bar date notice and had to issue a new bar date pursuant to court hearing.

In connection with these services, IFG Chtd. expended 25.80 hours, for which it seeks $6,902.50 in fees and $45.00 in reimbursable expenses. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 5.50 hours | $240.00 | $1,320.00 |
| IFG | 20.30 hours | $275.00 | $5,582.50 |
| TOTAL | 25.80 | | $6,902.50 |

**Retention/ Compensation of Professionals**

13.  Counsel for the Trustee prepared, reviewed and finalized the Trustee's employment of accountants. They prepared all motions for compensation for the Second Interim Compensation Request of IFG Chtd.; the Final Fee Applications for IFG Chtd., Popowcer Katten (accountants) and the Trustee's Statutory Compensation. Counsel for the Trustee attended all hearings on these motions. In addition IFG Chtd. served notice of all relevant documents on all creditors.

In connection with the above services, IFG Chtd. expended 19.40 hours, for which it seeks compensation in the amount of $3,960.50 for fees and $233.66 in expenses. Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 5.70 hours | $240.00 | $1,369.00 |
| IFG | 2.30 hours | $275.00 | $ 632.50 |
| IFG | 5.50 hours | $300.00 | $1,650.00 |
| AS | 3.20 hours | $ 50.00 | $ 160.00 |
| RO | 1.20 hours | $ 50.00 | $ 60.00 |
| LP | 1.50 hours | $ 60.00 | $ 90.00 |
| TOTAL | 19.40 hours | | $3,960.50 |

## **CONCLUSION**

14. The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

18. IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

19. IFG Chtd. has previously submitted fee applications in this case.

20. IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

A. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $21,129.00 for the actual, necessary

and valuable professional services rendered to the Trustee during the period of July 1, 2005 through June 17, 2010; and

B. Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $992.25 incurred in connection with such services;

C. Finding the previous award of interim compensation in the amount of $16,800.00 for the actual, necessary and valuable professional services rendered to the Trustee, and the reimbursement for its actual and necessary expenses of $125.40 incurred in connection with such services during the period January 28, 2004 through August 6, 2004; and finding the second interim compensation in the amount of $14,556.00 for the actual, necessary and valuable professional services rendered to the Trustee, and the reimbursement for its actual and necessary expenses of $162.40 incurred in connection with such services during the period of August 7, 2004 through June 30, 2005; were necessary and are allowed as final compensation

D. For such other and further relief as this Court deems appropriate.

    Respectfully submitted by
    Law Offices of Ilene F. Goldstein, Chartered

    By: /s/ Ilene F. Goldstein
        One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
850 Central Avenue, Suite 200
Highland Park, Illinois 60035
(847) 926-9595

**TIME SUMMARY BY INDIVIDUAL**

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 33.70 | $240.00 | $8,088.00 |
| IFG | 26.20 | $275.00 | $7,205.00 |
| IFG | 18.00 | $300.00 | $5,400.00 |
| AS | 3.20 | $ 50.00 | $ 160.00 |
| RO | 1.20 | $ 50.00 | $ 60.00 |
| LP | 3.60 | $ 60.00 | $ 216.00 |
| TOTAL | 85.90 | | $21,129.00 |

## STATEWIDE HOLDING CORP

| | Fees | Costs | Total |
|---|---|---|---|
| ESOP | $4,032.00 | $ 00.00 | $4,032.00 |
| Routine | $6,234.00 | $713.59 | $6,947.59 |
| Claims | $6,902.50 | $ 45.00 | $6,947.50 |
| Retention of Professional | $3,960.50 | $233.66 | $4,194.16 |
| **TOTAL** | **$21,129.00** | **$992.25** | **$22,121.25** |